UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
FATEMA ISLAM,
Individually and on behalf of a class,

                                      Case No. 16-cv-4673

                       Plaintiff,

              - against –

UNITED COLLECTION BUREAU, INC.,

                     Defendant.
-----------------------------------------------------------X

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1. Plaintiff brings this action to secure redress against unlawful credit and collection practices engaged by defendant United Collection Bureau, Inc. ("UCB"). Plaintiff alleges violation of the Fair Debt Collections Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"). The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give certain information. 15 U.S.C. §§1692d, 1692e, 1692e(10), 1692f, and 1692g(a).

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, and 15 U.S.C. §1692k (FDCPA).

3. Venue and personal jurisdiction over defendant in this District is proper because defendant's collection activities impacted plaintiff here and because defendant transacts business in this District.

## PARTIES

4. Plaintiff, Fatema Islam, is an individual resident of the State of New York, residing in the County of Kings. Plaintiff is a "Consumer" as that term is defined by 15 U.S.C. §1692a(3) of the FDCPA in that the alleged debt that the defendant sought to collect from Plaintiff is a consumer debt.

5. Defendant, UCB is an Ohio Foreign Business Corporation doing business in New York with a principal place of business located at 5620 Southwyck Blvd., Toledo, OH 43614. Defendant is regularly engaged in the collection of debts allegedly owed by consumers. Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. §1692a(6) of the FDCPA.

## FACTS

6. On or about June 14, 2016, Plaintiff was mailed the collection letter attached as Exhibit A. Plaintiff received it in the ordinary course of mail.

7. Exhibit A sought to collect a debt incurred for personal, family or household use and not for business purposes. The alleged debt was owed to Department Stores National Bank in the amount of $305.31.

8. Exhibit A offered a discounted settlement to the Plaintiff and stated, "United Collection Bureau, Inc. will accept a settlement in the amount of $265.62 for the above referenced account. This settlement offer will save you the sum of $39.69. To take advantage of this offer please ensure the total payment is received in our office by June 29, 2016."

9. On or about August 9, 2016, Plaintiff was mailed the collection letter attached as Exhibit B. Plaintiff received it in the ordinary course of mail.

10. Exhibit B, like the prior collection letter, offered a discounted settlement to the Plaintiff and stated, "United Collection Bureau, Inc. will accept a settlement in the amount of

$256.46 for the above referenced account. This settlement offer will save you the sum of $48.85. To take advantage of this offer please ensure the total payment is received in our office by August 29, 2016." This offer was clearly better than the offer made in <u>Exhibit A</u>.

11. Defendant made the offer in the June 14, 2016 letter as a way to create a false sense of urgency in Plaintiff's mind and to make him believe that he was under a true deadline to pay the debt.

12. However, from the August 9, 2016 letter, it is clear that the "offer" to pay on the settlement offer mentioned in the June 14, 2015 letter which had a deadline to accept of June 29, 2016, was illusory, as the Defendant was able to offer the Plaintiff another settlement offer with a larger savings in the second letter.

13. Defendant's letters harassed the Plaintiff and were false, deceptive and misleading as these settlement "offers" and specific deadlines were not something "to take advantage of" at all. In fact, the settlement offers got better with each ensuing letter and the only one taken advantage of is the consumer. See *Goswami v. American Collections Enterprise, Inc.*, 377 F.3d 488 (5th Cir. 2004).

14. The sole purpose of the Defendant's statements was to coerce the Plaintiff into paying immediately.

15. Defendant's letters are in violation of 15 U.S.C. §§ 1692d, 1692e, 1692e(10), 1692f, and 1692g(a) of the FDCPA in that they harassed the Plaintiff and for engaging in deceptive, misleading, and unfair practices while attempting to collect on an alleged debt.

**FIRST CAUSE OF ACTION**
(Violations of the FDCPA)

16. Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 15 of this Complaint as though set forth at length herein.

17. Collection letters such as those sent by defendant are to be evaluated by the objective standard of hypothetical "least sophisticated consumer."

18. Section 1692e(10) states that:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. . . . the following conduct is a violation of this section:
>
> (10) the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

19. Exhibit A and Exhibit B violate 15 U.S.C. §§ 1692d, 1692e, 1692e(10), and 1692f of the FDCPA in that they harassed the Plaintiff and for engaging in deceptive, misleading, and unfair practices while attempting to collect on an alleged debt.

20. Exhibit A and Exhibit B create a sense of urgency in Plaintiff's mind and made him believe that he was under a true deadline to pay the debt when no deadline actually existed.

21. Exhibit A and Exhibit B led the Plaintiff to believe that each letter presented the best and final offer that will be made on the account even though better offers were subsequently made.

22. As a result of defendant's violation of the FDCPA, plaintiff has been damaged and is entitled to statutory damages, actual damages, costs and attorney fees.

## CLASS ALLEGATIONS

23. Pursuant to Fed.R.Civ.P. 23(a), plaintiff brings this claim on behalf of a class.

24. The class consists of (a) all natural persons (b) who were sent a letters as Exhibit A and Exhibit B (c) seeking to collect a debt (d) on or after a date one year prior to the filing of this action and ending 20 days after the filing of this action (e) which provide offers of settlement which are deceptive, misleading, and unfair practices.

25. The class is so numerous that joinder is impracticable.

26. On information and belief, there are more than 50 natural persons who were sent letters similar to Exhibit A and Exhibit B on or after a date one year prior to the filing of this action and ending 20 days after the filing of this action.

27. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common questions are:

    a. whether the defendant violated various provisions of the FDCPA, including, but not limited to 15 U.S.C. §§ 1692g(a), 1692e, 1692e(2) and 1692e(10);

    b. Whether Plaintiff and the Class have been injured by the defendant's conduct;

    c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d. Whether Plaintiff and the Class are entitled to declaratory relief.

28. Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

29. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

30. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible. The nature of the wrong depends on the deception of the consumer, so it is unlikely to be detected or remedied without a class action.

**WHEREFORE**, Plaintiff respectfully demands judgment in favor of Plaintiff and the class and against the Defendant as follows:

a)   Statutory damages;

b)   Attorney's fees, litigation expenses and costs of suit;

c)   Declaratory relief finding the collection letter violates the FDCPA; and

d)   For such other and further relief which this court deems just and proper.

Dated: Brooklyn, New York
       August 19, 2016

        SHAKED LAW GROUP, P.C.
        Attorneys for Plaintiff

By: _____
        Dan Shaked (DS-3331)
        44 Court St., Suite 1217
        Brooklyn, NY 11201
        Tel. (917) 373-9128
        Fax (718) 504-7555
        e-mail: ShakedLawGroup@gmail.com

## JURY DEMAND

Plaintiff hereby demands trial by jury.

_____
Dan Shaked (DS-3331)